UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>*CIVIC SAN DIEGO, et al.*,<br><br>Defendants. | Case No.: 17cv2251-LAB (KSC)<br><br>**ORDER DENYING MOTION TO DISMISS** |

Plaintiff Associated Industries Insurance Company, Inc., ("Associated") filed suit, seeking declaratory relief. In a state-court action, 37-2015-00040292-CU-BC-CTL, *Lions Community Service Corp. v. Civic San Diego,* et al., Lions Community Service Corp. sued Civic San Diego ("Civic") and the Interfaith Housing Assistance Corp. to recover overpayments. Civic was formerly known as the Centre City Redevelopment Agency of the City of San Diego ("CCRA"), and is fully owned by the City of San Diego. Under an agreement that was in place at the time, the claimed overpayments were made to the Redevelopment Agency of the City of the City of San Diego ("RASD"), and are in the hands of RASD's successor-in-interest, the City.

///

Civic demanded defense and indemnity from Associated, its insurer, in the state court case. The City, which is also insured by Associated, did not make such a demand. Associated, in this suit, seeks a declaration relieving it from those obligations on the grounds that there is no possibility of coverage. The City then moved to dismiss. (Docket no. 7.)

The Court held oral argument on the motion. At argument, counsel pointed out relevant facts that were not in the briefing, but which the Court finds helpful. The motion is now fully briefed and ready for adjudication.

**Discussion**

The Declaratory Relief Act authorizes the Court to grant this form of relief, but it isn't by itself a source of jurisdiction. The party invoking the Court's jurisdiction (in this case, Associated) bears the burden of showing there's a case or controversy sufficient to create Article III jurisdiction. The statute itself, 28 U.S.C. section 2201, specifically refers to an "actual controversy" requirement. Essentially, the Court must determine that there is an actual controversy, not merely an abstract question. The Supreme Court has summarized the standard as follows:

> Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

The underlying agreement, called the Disposition and Development Agreement ("DDA"), is attached as Exhibit A to the Complaint. The parties to the DDA were the Lions Community Service Corporation ("Lions") and RASD.

Under the terms of the DDA, Lions was to make periodic payments to RASD in lieu of rent. (Compl., Ex. A at 27 (DDA, § II.K).) In the Complaint, Associated alleges that either Civic or RASD sent inaccurate invoices to Lions demanding money that was not owed. Lions paid, but later sued for return of the funds. That

is the state court lawsuit for which Civic has demanded that Associated provide a defense and indemnity, though the City has not. Between the time Lions paid and the time it sued, RASD was dissolved by a new state law, and the City became its successor-in-interest.

Attached to the Complaint are copies of the original complaint (Exhibit B) and the amended complaint (Exhibit C) in the state court action. In the amended complaint, Lions alleges that Civic is either successor to RASD, or is a consultant and performs the City's billing. (Compl., Ex. C, ¶ 11.) The amended complaint alleges that Civic sent the erroneous invoices, and that Lions paid *Civic* the money (*id.*, ¶ 12), and that Civic failed to refund it. (*Id.*, ¶14.)[1] In both versions of the complaint, Lions sued Civic for negligence. But in the original complaint, Lions also sued Civic in contract on the DDA, and sought restitution. It appears that Lions is not now seeking disgorgement (*i.e.*, return of the funds the City is holding), but rather compensatory damages, primarily for the inaccurate billing.

The City argues that because it is not a party to the state court action and has not requested defense or indemnity, the claim against it is unripe and there is no actual case or controversy. Associated points out that Civic is fully owned by the City, that both entities are Associated's insureds, and that the City is holding the money and refuses to return it. Associated also points out that the City is not disclaiming entitlement to defense and reimbursement.

The "actual controversy" requirement for declaratory relief prevents courts from issuing what might otherwise be impermissible advisory opinions. *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1268 (S.D. Cal.,

---

[1] Associated explained that although Lions mistakenly sent checks to Civic, Civic in turn handed them over to the City, which deposited the funds in its own account. This helps explain the apparent contradiction between the terms of the DDA, which provided that Lions was to pay RASD, and Lions' own allegations that it paid Civic.

2007). Such relief is equitable in nature, however, and the "actual controversy" requirement is not formulaic. *See Maryland Casualty*, 312 U.S. at 273; *Flast v. Cohen*, 39 U.S. 83, 95–96 (1968). One requirement is that the dispute must be based on present, established facts, not on a hypothetical basis. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937)). Here, the facts Associated asks the Court to make a declaration about are clear, not hypothetical. The only arguably hypothetical aspect is whether the City will demand a defense or indemnity. But assuming the City does make such a demand, the facts any declaration would be based on are clear.

Another principle is that the controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests . . . ." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The fact that the Supreme Court repeatedly refers to adverse legal *interests* is significant. An "actual controversy" does not necessarily mean a current or actively unfolding situation. For example, in *MedImmune*, the Supreme Court pointed out that a party obeying a law or complying with a contract does not need to expose itself to liability by actually breaching a contract or violating a law in order to have standing to seek declaratory relief about the contract or law. *Id*. at 128–34.

The Supreme Court's decision in *Maryland Casualty* is instructive. In a state action, a motorist named Orteca was injured in an accident with a truck driven by one of Pacific Coal & Oil Co.'s employees, and Orteca sued Pacific Coal in state court. While that case was still pending, Maryland Casualty, which had insured Pacific Coal, filed suit in federal court against both Pacific Coal and Orteca seeking a declaration of its obligations under the policy. Significantly, Orteca was not suing Maryland Casualty in state court, but had the right to sue it in a supplemental action if he won his suit and Pacific Coal failed to pay promptly. 312 U.S. at 273. Orteca then obtained dismissal of claims against him in lower courts, and the Supreme Court granted *certiorari*. The Court held that there was an "actual controversy"

between Maryland Casualty and Orteca. 312 U.S. at 274. The Court rejected the possibility of examining Orteca's involvement in the controversy separately. *Id.* If the Court were to hold there was no case or controversy as to Orteca, the Court pointed out, state and federal courts might reach opposite conclusions. For example, the federal court might declare that Maryland Casualty was not obligated under the policy. If Orteca were not party to that suit, he would not be bound by it. The state court might then reach the opposite conclusion. *Id.* This, in the Court's view, was enough of an immediate threat to satisfy the "actual controversy" requirement.

Significantly, the Court's holding included consideration of a number of contingent events that had to fall into place for the declaration to be meaningful. For example, Orteca had to prevail against Pacific Coal, and the latter had to fail to pay him. If Orteca lost, the declaration would turn out to be unnecessary. And if Pacific Coal paid him, the declaration as to Orteca would be unnecessary. Even though these events had not happened and might not happen, the Court was untroubled by them. Under that set of circumstances, these were not vague or hypothetical, but definite and immediate threats.

Here, addressing the rights of Civic and the City separately and treating the City as a stranger to the dispute would elevate form over substance in a way that *Maryland Casualty* suggested was untenable. Even though the City is not named in the state lawsuit, it is a real party in interest. The City owns Civic, and Civic gave the City the checks Lions had sent it. The City deposited those checks in its own account. Disregarding the existence of insurance for a moment, if Civic is liable to Lions, it will look to the City for the money.[2] Under the circumstances,

---

[2] This could be forestalled if, for example, Lions realizes the City has the money and amends its complaint again to add the City as a Defendant. In that instance the state lawsuit would settle the rights of Lions, Civic, and the City vis-à-vis each

there is a real threat that Associated will be asked to provide coverage for one or both. As in *Maryland Casualty*, the City cannot sit this action out on the theory that it has not yet been sued by anyone. Furthermore, the City has been invited to disclaim coverage, and has declined. This too implies that the City would prefer to sit on the sidelines for now, while reserving its rights to raise claims later. But if the City is sued, or if a less formal demand for restitution is made, the declaration would need to account for that, and would need to be binding on the City. Any other approach risks the kind of problems *Maryland Casualty* made clear should be avoided.

**Conclusion and Order**

For these reasons, the Court finds that Associated has met its burden of establishing standing at this stage of the proceedings. The motion to dismiss (Docket no. 7) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 17, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge

---

other. But that eventuality presents an even stronger "actual controversy" between Associated and the City.